10-4188-ag
Wu v. Holder

BIA
A095 864 126

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand twelve.

PRESENT:
>       RALPH K. WINTER,
>       REENA RAGGI,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

XIAO CONG WU,
>       *Petitioner,*

>       v.                                         10-4188-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiao Cong Wu, a native and citizen of the People's Republic of China, seeks review of the September 23, 2010, decision of the BIA denying his motion to reopen. *In re Xiao Cong Wu*, No. A095 864 126 (B.I.A. Sept. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Wu's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wu's 2010 motion was untimely, as the final administrative decision was issued in March 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has

2

been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  However, the BIA did not abuse its discretion in finding that Wu failed to establish changed circumstances in China.

The only evidence Wu proffered of changed circumstances arising in China was a letter from his wife - in which she stated that after Wu mailed her materials pertaining to Chinese democracy, she was detained by the Chinese government for ten days, and government officials told her they would arrest Wu if he returned to China - and a "Certificate of Detention" stating that Wu's wife had been detained in March 2009.  The BIA's determination that this evidence was of little probative value is entitled to deference, particularly in light of the agency's prior adverse credibility determination, and the fact that the "Certificate of Detention" was unauthenticated. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in discrediting a purported village notice where the document was not authenticated and the alien had been found not credible by the IJ); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471

F.3d 315, 342 (2d Cir. 2006). Moreover, the letter from Wu's wife was unsworn and from an interested witness. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from friends and relatives where they were written by interested witnesses not subject to cross-examination). Because the evidence Wu submitted was insufficient to establish a change in circumstances or country conditions, the BIA did not abuse its discretion in concluding that he failed to meet an exception to the filing deadline, and, accordingly, in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4